THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPENCER MITCHELL | § | |
| | § | |
| V. | § | CASE NO. |
| | § | |
| UNITED STATES OF AMERICA | § | |

## Spencer Mitchell's Verified Third-Party Petition Asserting a Legal Interest in Property Subject to Forfeiture

Spencer Mitchell ("Third-Party Petitioner") files his Verified Third-Party Petition Asserting a Legal Interest in Property Subject to Forfeiture and respectfully shows the Court as follows:

### I. Factual Background and Procedural History

1. On or about September 2, 2022, Defendant Tyneza Mitchell ("Tyneza") and Third-Party Petitioner jointly purchased the real property and improvements at 19114 Coleto Creek Bend Drive, Cypress, Texas 77433 (the "Property") and more particularly described as:

> LOT TEN (10), IN BLOCK ONE (1), OF TOWNE LAKE, SECTION THIRTY-NINE (39) A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAY THEREOF RECORDED UNDER FILM CODE NO. 687881 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.[1]

---

[1] Exhibit A – Special Warranty Deed with Vendor's Lien.

2.   On or about December 20, 2024, Tyneza executed and delivered a Texas Home Equity Note (Fixed Rate – First Lien) ("Note") in the principal amount of $1,800,000.00.[2]

3.   The Note is secured by a Texas Home Equity Security Instrument (First Lien) ("Deed of Trust") of even date executed by Tyneza Mitchell and Spencer Mitchell and recorded in the official records of Harris County, Texas.[3]

4.   The Note and Deed of Trust are collectively referred to as the "Loan." The address listed in the Loan is Third-Partu Petitioner's **Primary Residence and homestead** and is the Property subject to the United States of America's ("Respondent") current Interlocutory Forfeiture action. On December 17, 2025, this Court signed an Interlocutory Order of Sale.

5.   As of the filing of this Third-Party Petition, Tyneza and Third-Party Petitioner are actively working with the Loan Servicer for UMB (Shellpoint Mortgage Servicing) to modify the terms of the Loan to allow Tyneza and Third-Party Petitioner to become current on the Loan. The Loan Servicer has confirmed a current valuation of the Property at $2,766,000. Approval of the loan modification is expected within 7 to 10 business days from the date of submission, which was February 18, 2026.

6.   On or about May 21, 2025, Respondent filed an indictment in the related criminal case number 4:25-CR-00267 requesting criminal forfeiture in the event of Tyneza's conviction of an offense in violation of 18 U.S.C. §§ 371 and 1343.

---

[2] Exhibit B – Home Equity Note.
[3] Exhibit C – Home Equity Security Instrument.

7. On November 18, 2025, Respondent filed its Motion for Order of Interlocutory Sale and Hearing seeking an interlocutory sale of the real property and improvements of the Property.

8. Respondent contends the Court has authority to order an interlocutory order of sale of the Property pursuant to Federal Rule of Criminal Procedure 32.2(b)(7) and Rule G and requested an order setting a hearing on its motion.

9. On December 17, 2025, this Court signed the Order Granting Interlocutory Sale of the Property ("Order"). The Order requires Tyneza and "any other occupants of the Real Property," which includes Third-Party Petitioner, to fully vacate the Property. Additionally, the Order requires Defendant and "her husband," who is the Third-Party Petitioner, to execute all documents necessary to sell the Property with clear title, including to secure title insurance and to convey all right, title, and interest in the Property at the closing of a sale to wit:.

> 12. That Tyneza Mitchell and her husband shall execute all documents necessary to sell the Real Property with clear title within 5 days of such request by the United States, including to secure title insurance and to convey all right, title, and interest in the Real Property at the closing of a sale.

10. However, the Third-Party Petitioner never received notice of this Order, which would deprive him of his Property and requires further actions on his part. On information and belief, Respondent failed to publish notice of the Order as required

under 21 U.S.C.S. 853(n)(1).[4] Furthermore, the Third-Party Petitioner did not receive any written notice of the Order as required under 21 U.S.C. § 853(n)(1).[5]

## II. Arguments and Authorities

11.     Pursuant to 21 U.S.C. § 853(n), third parties may assert interests in criminally forfeited property through an ancillary proceeding. Following entry of a forfeiture order, the United States must publish notice of the order and provide direct written notice to any person known to have an alleged interest in the property.[6] The petitioner then has 30 days of the earlier of either the final publication of notice or receipt of written notice to petition the court for a hearing to adjudicate the validity of his/her alleged interest in the property.

12.     Here, the Third-Party Petitioner is well within the 30-day framework because Respondent has failed to publish notice of the Order and has failed to send written notice to the Third-Party Petitioner, who is a legal record owner of the Property.

13.     The petition must be signed under penalty of perjury and must set forth: (1) the nature and extent of the petitioner's right, title, or interest in the property; (2) the time and circumstances of acquisition of that interest; (3) any additional supporting facts; and (4) the relief sought.

---

[4] "Following the entry of an order of forfeiture under this section, the United States *shall* publish notice of the order and of its intent to dispose of the property in such a manner as the Attorney General may direct." U.S.C § 853(n)(1); **Exhibit D** – Forfeiture.gov.
[5] "The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of forfeiture as a substitute for published notice as to those persons so notified." 21 U.S.C. § 853(n)(1).
[6] 21 U.S.C § 853(n)(1).

14. The foregoing paragraphs are incorporated herein by reference. Under penalty of perjury, Petitioner swears that he has a legal interest in the Property the United States is attempting to seize and sell. Third-Party Petitioner and Tyneza first bought the Property in September 2, 2022, and refinanced the Property in December 20, 2024.

15. The hearing on the petition is to be held within 30 days of the filing of petition.[7]

**Criminal Forfeitures are Disfavored**

16. The Supreme Court of the United States has said that "[f]orfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *United States v. One 1936 Model Ford V-8 De Luxe Coach, Motor No. 18-3306511*, 307 U.S. 219, 226 (1939) (citing Farmers' & M. National Bank v. Dearing, 91 U.S. 29, 33—35 (1875)). In *United States v. Estevez*, the court vacated the judgment of forfeiture to give the alleged true owner sufficient time to file a verified Section 853(n) claim where the United States published notice of the forfeiture and seizure, which the court held put the defendants on notice but was insufficient to put the alleged true owner of the properties subject to forfeiture and seizure *on adequate notice*. *United States v. Estevez*, 845 F.2d 1409, 1411-1412 (7th Cir. 1988).

17. Here, Petitioner has a stronger case for his Petition to be heard by this Court because whereas in *Estevez* there was at least notice by publication, which the court still held as insufficient notice, Petitioner believes Respondent in this case failed

---

[7] 21 U.S.C § 853(n)(4).

to publish notice and failed to serve written notice on Petitioner, who is a legal record owner of the Property subject to forfeiture and seizure. Because Petitioner was not adequately notified of the deprivation of his property and because the Order requires further action from Petitioner, this Court must set aside the Order for interlocutory sale of the Property and hold a hearing for this Petition to determine Petitioner's right and to amend the Order in accordance with its determination.[8]

**The Property will soon not be in Default**

18.  Additionally, the entire premise on which the Order was granted will no longer be true because Third-Party Petitioner and Tyneza are in the process of modifying the terms of the Loan and will no longer be in default on their Loan. Respondent's basis for the interlocutory sale of the Property was due to delinquent mortgage payments and deteriorating value of the Property.[9] Based on the February 2026 valuation of the Property by the Loan Servicer, the Property has almost $900,000 in equity. Moreover, as Third-Party Petitioner and Tyneza will have successfully modified their Loan and cured their prior default, Third-Party Petitioner and Tyneza will no longer be in default on their Loan. Thus, the basis of interlocutory Order will no longer exist.

## Relief Sought

19.  Third-Party Petitioner requests a hearing on the validity of his legal interest in the Property within 30 days of the filing of this Third-Party Petition.

---

[8] 21 U.S.C § 853(n)(6).
[9] Respondent's Motion for Interlocutory Sale.

20. Petitioner further seeks an Order setting aside the signed Order for interlocutory sale of the Property.

## Prayer

WHEREFORE, Petitioner respectfully prays this Court conducts a hearing on Third-Party Petitioner's interest in the Property within 30 days and set aside the Order for Interlocutory Sale of the Property. Third-Party Petitioner further seeks such other and further relief, at law or in equity, as to which he may be justly entitled.

Respectfully Submitted,

**Of Counsel**
**McGarvey PLLC**

*Randall B. Clark*
Randall B. Clark
Federal Bar No. 3399
Texas Bar No. 04294900
Cassandra M. McGarvey
Federal Bar No. 883462
Texas Bar No. 24056191
3220 Broadway, Suite 200
Houston, Texas 77017
Telephone: 281.501.3030
Facsimile: 832.224.2642
eservice@mcgarveypllc.com

**Attorney-in-Charge for**
**Spencer Mitchell**

## Certificate Of Service

I hereby certify that a true and correct copy of the foregoing instrument was delivered to the following parties pursuant to the Federal Rules of Civil Procedure, on February 24, 2026:

Thomas Carter
Kristine E. Rollinson
Assistant United States Attorneys
1000 Louisiana, Suite 2300
Houston, Texas 77002
***Attorneys for the United States of America***

Crystal G. Gibson
MACKIE WOLF ZIENTZ & MANN, P.C.
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
***Attorney for UMB Bank***

                                              *Randall B. Clark*
                                              Randall B. Clark

## **VERIFICATION**

**STATE OF TEXAS**       §
                         §
**COUNTY OF HARRIS**     §

BEFORE ME, the undersigned authority, on this day personally appeared Spencer Mitchell, a person known to me or whose identity has been verified by me, and after having been duly sworn by me, deposed as follows:

"I am Spencer Mitchell and I am an owner of the Property which is the subject of the Interlocutory Forfeiture Order. I have read the Verified Third-Party Petition which is attached and I have personal knowledge of the facts stated in the Third-Party Petition and they are true and correct.

_____
Spencer Mitchell

SUBSCRIBED TO AND SWORN BEFORE ME on this the __19__ day of February 2026.



_____
Notary Public,
in and for the State of Texas

Electronically signed and notarized online using the Proof platform.